

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MIGUEL ANGEL ANDRADE, | § | |
| | § | |
| Movant, | § | |
| | § | |
| VS. | § | NO. 4:20-CV-983-A |
| | § | (NO. 4:19-CR-030-A) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

MEMORANDUM OPINION AND ORDER

Came on for consideration the motion of movant, Miguel Angel Andrade, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. The court, having considered the motion, the government's response, the reply, the record, including the record in the underlying criminal case, No. 4:19-CR-030-A, and applicable authorities, finds that the motion should be denied.

I.

Background

The record in the underlying criminal case reflects the following:

On February 6, 2019, movant was named in a one count information charging him with conspiracy to possess with intent to distribute 500 grams or more of a mixture and substance

containing a detectable amount of cocaine, in violation of 21 U.S.C. § 846. CR Doc.[1] 21.

On February 15 and 22, 2019, movant appeared before the court with the intent to enter a plea of guilty to the offense charged without benefit of a plea agreement.[2] Movant and his attorney signed a factual resume setting forth the elements of the offense, the maximum penalty movant faced, and the stipulated facts supporting movant's guilt. CR Doc. 33. They also signed a waiver of indictment. CR Doc. 34. Under oath, movant stated that no one had made any promise or assurance of any kind to induce him to plead guilty. Further, movant stated his understanding that the guideline range was advisory and was one of many sentencing factors the court could consider; that the guideline range could not be calculated until the presentence report ("PSR") was prepared; the court could impose a sentence more severe than the sentence recommended by the advisory guidelines and movant would be bound by his guilty plea; movant was satisfied with his counsel and had no complaints regarding his representation; and, movant and counsel had reviewed the factual resume and movant understood the meaning of everything in it and the stipulated facts were true. CR Doc. 72; CR Doc. 73.

---

[1] The "CR Doc. __" reference is to the number of the item on the docket in the underlying criminal case, No. 4:19-CR-030-A.
[2] The hearing was commenced the 15th and concluded on the 22nd of February, 2019.

The probation officer prepared the PSR, which reflected that movant's base offense level was 32. CR Doc. 40, ¶ 21. He received a two-level enhancement for possession of firearms, id. ¶ 22, and a two-level enhancement for maintaining a premises for manufacturing or distributing a controlled substance. Id. ¶ 23. He received a two-level and a one-level reduction for acceptance of responsibility. Id. ¶¶ 29, 30. Based on a total offense level of 33 and a criminal history category of III, movant's guideline imprisonment range was 168 to 210 months. Id. ¶ 78.

On June 7, 2019, movant was sentenced to a term of imprisonment of 210 months. CR Doc. 56. He appealed. CR Doc. 64. His attorney filed a motion to withdraw along with an Anders[3] brief. The court of appeals allowed counsel to withdraw and dismissed the appeal as frivolous. United States v. Andrade, 795 F. App'x 312 (5th Cir. 2020).

II.

Grounds of the Motion

Movant sets forth two grounds in support of his motion, worded as follows:

Ground One: Denial of Effective Assistance of Counsel

Doc.[4] 1 at 7.

> Ground Two: Drug Premises Enhancement Erroneously Applied

---

[3] Anders v. California, 386 U.S. 738 (1967).
[4] The "Doc. __" reference is to the number of the item on the docket in this civil action.

Id. In the "supporting facts" sections, he refers to his brief in support. Doc. 2.

### III.

### Applicable Standards of Review

A. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164-165 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991). A defendant can challenge his conviction or sentence after it is presumed final on issues of constitutional or jurisdictional magnitude only, and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232.

Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). In other words, a writ of habeas corpus will not be allowed to do service for an appeal. Davis v. United States, 417 U.S. 333, 345 (1974);

United States v. Placente, 81 F.3d 555, 558 (5th Cir. 1996). Further, if issues "are raised and considered on direct appeal, a defendant is thereafter precluded from urging the same issues in a later collateral attack." Moore v. United States, 598 F.2d 439, 441 (5th Cir. 1979) (citing Buckelew v. United States, 575 F.2d 515, 517-18 (5th Cir. 1978)).

B. Ineffective Assistance of Counsel Claims

To prevail on an ineffective assistance of counsel claim, movant must show that (1) counsel's performance fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984); see also Missouri v. Frye, 566 U.S. 133, 147 (2012). "[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Strickland, 466 U.S. at 697; see also United States v. Stewart, 207 F.3d 750, 751 (5th Cir. 2000). "The likelihood of a different result must be substantial, not just conceivable," Harrington v. Richter, 562 U.S. 86, 112 (2011), and a movant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Cullen v. Pinholster, 563 U.S. 170, 189 (2011) (quoting

Strickland, 466 U.S. at 686). Judicial scrutiny of this type of claim must be highly deferential and the defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. Strickland, 466 U.S. at 689. Simply making conclusory allegations of deficient performance and prejudice is not sufficient to meet the Strickland test. Miller v. Johnson, 200 F.3d 274, 282 (5th Cir. 2000).

IV.

Analysis

Under the first section of his brief, movant says

> Trial Counsel's ineffectiveness includes but is not limited to the following:
> (a) Trial counsel failed to properly raise and litigate the drug premises enhancement.
> (b) Failed to file timely written objections to the Pre Sentence Report.
> (c) Failed to raise and litigate for the bottom of the guidelines, where the record will demonstrate that Andrade enter a timely plea admitted the facts, of which was part of his inducement to plea guilty, he understood that by waving the indictment and accepting the information filed by government not delaying the criminal proceedings he would benefit from the bottom of the guidelines at BOL 33 CHC III 168 months and not the 210 moths imposed by the Court.
> (d) Trial counsel failed to effectively engage in the plea negotiation process and accurately inform his client of the accurate legal sentence possible under the law. Lafler v. Cooter, 132 S.CT. 1376 (2012).
> (e) Trial counsel failed to effectively counter the government's sentencing contentions that Petitioner required aggravated enhancements.

Doc. 2 at 3-4.

Although pro se pleadings are given liberal construction, conclusory allegations do not state a claim under the Strickland standard. Miller, 200 F.3d at 282. The court is not required to guess or to develop arguments on movant's behalf. United States v. Pineda, 988 F.2d 22, 23 (5th Cir. 1993). Absent evidence in the record, the court cannot consider movant's bald assertions to be of probative evidentiary value. Ross v. Estelle, 694 F.2d 1008, 1011 (5th Cir. 1983).

Movant testified under oath at arraignment that he fully understood the proceedings against him and the punishment he faced. He stated that he understood that he would not be allowed to withdraw his plea if the sentence was not to his liking. He further testified that he was satisfied with his counsel and that no one had made any representations or promises to induce him to plead guilty. CR Doc. 72; CR Doc. 73. His solemn declarations in open court are entitled to a strong presumption of verity. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

Contrary to movant's allegations, his counsel filed objections to the PSR. CR Doc. 44. His counsel also filed a sentencing memorandum and motion for a downward variance. CR Doc. 49. Counsel argued at sentencing for a lower range sentence. CR Doc. 74 at 5-7. There is no evidence to support the contention that counsel failed to effectively counter the government's sentencing contentions that movant required

aggravated enhancement. The government did not file any document to that effect; nor did it make any argument at sentencing. CR Doc. 74. Movant's allegations regarding the plea negotiation process are conclusory, but, in any event, a defendant does not have a constitutional right to a plea bargain. Weatherford v. Bursey, 429 U.S. 545, 561 (1977).

The only allegation for which movant has provided some detail is the first contention, that his counsel failed to properly raise and litigate the drug premises enhancement, which is the subject of his second ground. Set forth separately as the second ground, the allegation is not cognizable in this proceeding. It is procedurally barred as it was not raised on direct appeal. Shaid, 937 F.2d at 231. See also United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999)(that the court misapplied the sentencing guidelines does not state a constitutional claim). And, his counsel cannot have been ineffective for failing to challenge the two-level increase, because, for the reasons set forth in the PSR, the increase was justified. Counsel cannot have been ineffective for failing to pursue a meritless objection. United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999).

V.

<u>Order</u>

The court ORDERS that movant's motion be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED December 14, 2020.

_____
JOHN McBRYDE
United States District Judge